UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ATIYA HARRIS; RAFAEL SEVERINO; RAFAEL
SEVERINO, JR., an infant under the age of eighteen (18)
years of age by his father and natural guardian, RAFAEL
SEVERINO; and RACHELLE SEVERINO, an
infant under the age of eighteen (18) years of age by his
father and natural guardian, RAFAEL SEVERINO,

                            Plaintiffs,

      - against-

STACEY D. WARE,

                          Defendant.
----------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 17 2004 ★

LONG ISLAND OFFICE

VERIFIED COMPLAINT
Case Number
CV 04 1120
GLEESON, J.
POHORELSKY, M.

Plaintiffs, ATIYA HARRIS, RAFAEL SEVERINO, RAFAEL SEVERINO JR., and RACHELLE SEVERINO as and for their verified complaint by their attorneys, Sanford L. Pirotin, P.C. respectfully set forth and allege as follows upon information and belief:

PARTIES AND JURISDICTION

1. Jurisdiction is based on diversity of citizenship under 28 U.S.C. 1332.

2. The amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars for each plaintiff, ATIYA HARRIS, RAFAEL SEVERINO, RAFAEL SEVERINO JR. and RACHELLE SEVERINO.

3. That the plaintiffs, ATIYA HARRIS, RAFAEL SEVERINO, RAFAEL SEVERINO, JR. and RACHELLE SEVERINO were and still are citizens of the State of New York.

4. That the defendant, STACEY D. WARE was and still is a citizen of the State of Delaware.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, ATIYA HARRIS

5.  That all the times hereinafter mentioned, plaintiff, ATIYA HARRIS was the owner and operator of a Nissan motor vehicle bearing New York State license plate registration number OG840Y for the year 1997.

6.  That at all times hereinafter mentioned, plaintiffs, RAFAEL SEVERINO, RAFAEL SEVERINO Jr. and RACHELLE SEVERINO were lawful passengers in the aforesaid motor vehicle owned and operated by the plaintiff, ATIYA HARRIS.

7.  That at all times hereinafter mentioned, defendant, STACEY D. WARE was the owner of a Ford motor vehicle bearing Delaware State license plate registration number PC193828 for the year 1998.

8.  That at all times hereinafter mentioned, defendant, STACEY D. WARE was the operator of a Ford motor vehicle bearing Delaware State license plate registration number PC193828 for the year 2001 with the knowledge and consent of the owner of said motor vehicle.

9.  That at all times hereinafter mentioned, Christiana Mall Road was and still is a much traveled thoroughfare.

10. That on March 24, 2001 there occurred an impact between the aforesaid motor vehicle owned and operated by the defendant, STACEY D. WARE, and the aforesaid motor vehicle owned and operated by the plaintiff, ATIYA HARRIS and in which the plaintiffs, RAFAEL SEVERINO, RAFAEL SEVERINO, JR.,

and RACHELLE SEVERINO were passengers on Christiana Mall Road in Delaware.

11. That as a result of the foregoing, plaintiff, ATIYA HARRIS sustained serious and permanent personal injuries; was rendered sick, sore, lame and disabled; and suffered and will continue to suffer severe pain, disability and discomfort.

12. That said accident and personal injuries sustained by the plaintiff, ATIYA HARRIS were caused solely by the negligence, recklessness of the defendant, STACEY D. WARE without any negligence of the plaintiffs contributing thereto.

13. That the defendant, STACEY D. WARE was negligent, reckless and careless in operating her respective motor vehicle at a dangerously fast and excessive rate of speed under the road and traffic conditions prevailing at and/or prior to this accident; in failing to keep her motor vehicle under proper, prudent and reasonable control; in failing to stop; in failing to slow down; in failing to apply the braking mechanism of her motor vehicle in a timely and safe manner; in failing to yield the right of way to the plaintiff's motor vehicle; in failing to give any sign, signal or warning of the approach of her motor vehicle; in failing to keep her motor vehicle in their proper lane of traffic in failing to comply with the federal state and local laws, statutes, rules, regulations, codes and ordinances pertaining to vehicular traffic on the roads and highways in the State of Delaware; in failing to keep a safe and reasonable distance between her motor vehicle and the motor vehicle traveling in front of her; in following too closely behind the plaintiffs' motor vehicle; in tailgating behind the plaintiff's

motor vehicle; in causing her motor vehicle to violently collide with the plaintiffs' motor vehicle; in failing to take the necessary and reasonable evasive action so as to avoid this accident although said defendant had a full and fair opportunity to do so; in failing to properly and reasonably inspect, test, maintain and repair her motor vehicles; and otherwise being negligent, reckless and careless.

14. That as a result of the foregoing, plaintiff ATIYA HARRIS sustained serious personal injuries as defined by Section 5102(d) of the New York State Insurance Law.

15. That as a result of the foregoing, plaintiff ATIYA HARRIS sustained an economic loss greater than basic economic loss as defined by Section 5102(a) of the New York State Insurance Law.

16. That this action falls within one or more of the exceptions set forth in Section 1602 of the New York State Civil Practice Laws And Rules.

17. That as a result of the foregoing, plaintiff, ATIYA HARRIS incurred and will continue to incur expenses for medical aid and treatment; and suffered and will continue to suffer severe pain, disability and discomfort in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF RAFAEL SEVERINO

18. Plaintiff, RAFAEL SEVERINO repeats, reiterates and re-alleges each and every allegation contained in each any every paragraph contained in this complaint numbered "1" through "17" inclusive, with the same force and effect as though fully set forth herein at length.

19. That as a result of the foregoing, plaintiff, RAFAEL SEVERINO sustained serious and permanent personal injuries; was rendered sick, sore, lame and disable; and suffered and will continue to suffer severe pain, disability and discomfort.

20. That said accident and personal injuries sustained by the plaintiff, RAFAEL SEVERINO were caused solely by the negligence, recklessness and carelessness of the defendant, STACEY D. WARE without any negligence of the plaintiffs contributing thereto.

21. That as a result of the foregoing, plaintiff, RAFAEL SEVERINO sustained serious personal injuries as defined by Section 5102 (d) of New York State Insurance Law.

22. That as a result of the foregoing, plaintiff, RAFAEL SEVERINO sustained an economic loss greater than basic economic loss and defined by Section 5102(a) of the New York Insurance Law.

23. That this action falls within one or more of the exceptions set forth in Section 1602 of the New York State Civil Practice Laws and Rules.

24. That as a result of the foregoing, plaintiff, RAFAEL SEVERINO incurred and will continue to incur expenses for medical aid and treatment; and suffered and will continue to suffer severe pain, disability and discomfort in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF THE INFANT PLAINTIFF,
RAFAEL SEVERINO, JR. BY HIS FATHER
AND NATURAL GUARDIAN, RAFAEL SEVERINO

5

25. The infant plaintiff, RAFAEL SEVERINO, JR. by his father and natural guardian, RAFAEL SEVERINO repeats, reiterates and re-alleges each and every allegation contained in each and every paragraph contained in this complaint numbered "1" through "24" inclusive with the same force and effect as though fully set forth herein at length.

26. That the infant plaintiff, RAFAEL SEVERINO, JR. is an infant under the age of eighteen (18) years of age born on January 3, 1999.

27. That the plaintiff, RAFAEL SEVERINO is the father and natural guardian of the infant plaintiff, RAFAEL SEVERINO, JR.

28. That as a result of the foregoing, infant plaintiff, RAFAEL SEVERINO Jr. sustained serious and permanent personal injuries; was rendered sick, sore, lame and disabled; and suffered and still continue to suffer severe pain, disability and discomfort.

29. That said accident and personal injuries sustained by the infant plaintiff, RAFAEL SEVERINO Jr. were caused solely by the negligence, recklessness and carelessness of the defendant, STACEY D. WARE without any negligence of the plaintiffs contributing thereto.

30. That as a result of the foregoing, infant plaintiff, RAFAEL SEVERINO Jr. sustained serious personal injuries as defined by Section 5102 (d) if the New York State Insurance Law.

31. That as a result of the foregoing, infant plaintiff, RAFAEL SEVERINO, JR., sustained and economic loss greater that basic economic loss and defined by Section 5102 (a) of the New York Insurance Law.

32. That this action falls within one or more of the exceptions set forth in Section 1602 of the New York State Civil Practice Laws and Rules.

33. That as a result of the foregoing, infant plaintiff, RAFAEL SEVERINO incurred and will continue to incur expenses for medical aid and treatment; and suffered and will continue to suffer severe pain, disability and discomfort in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE INFANT PLAINTIFF, RACHELLE SEVERINO BY HER FATHER AND GUARDIAN RAFAEL SEVERINO

34. The infant plaintiff, RACHELLE SEVERINO repeats, reiterates and re-alleges each and every allegation contained in each and every paragraph contained in this complaint numbered "1" through "33" inclusive, with the same force and effect as though fully set forth herein at length.

35. That the infant plaintiff, RACHELLE SEVERINO is an infant under the age of eighteen (18) years of age born on August 28, 1994.

36. That the plaintiff, RAFAEL SEVERINO is the father and natural guardian of the infant plaintiff, RACHELLE SEVERINO.

37. That as a result of the foregoing, infant plaintiff, RACHELLE SEVERINO sustained serious and permanent personal injuries; was rendered sick, sore, lame and disabled; and suffered and will continue to suffer severe pain, disability and discomfort.

38. That said accident and personal injuries sustained by the infant plaintiff, RACHELLE SEVERINO were caused solely by the negligence, recklessness

and carelessness of the defendant, STACEY D. WARE without any negligence of the plaintiffs contributing thereto.

39. That as a result of the foregoing, infant plaintiff, RACHELLE SEVERINO sustained serious personal injuries as defined by Section 5102 (d) of the New York State Insurance Law.

40. That as a result of the foregoing, infant plaintiff, RACHELLE SEVERINO sustained an economic loss greater that basic economic loss and defined by Section 5102 (a) of the New York Insurance Law.

41. That this action falls within one or more of the exceptions set forth in Section 1602 of the New York State Civil Practice Laws and Rules.

42. That as a result of the foregoing, infant plaintiff, RACHELLE SEVERINO incurred and will continue to incur expenses for medical aid and treatment: and suffered and will continue to suffer severe pain, disability and discomfort in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF RAFAEL SEVERINO

43. Plaintiff, RAFAEL SEVERINO repeats, reiterates and re-alleges each and every allegation contained in each and every paragraph contained in this complaint numbered "1" through "42" inclusive with the same force and effect as though fully set forth herein at length.

44. That plaintiff, RAFAEL SEVERINO is the father and natural guardian of the infant plaintiff, RAFAEL SEVERINO, JR. and as such is entitled to his love, companionship, friendship, society and services.

45. That as a result of the foregoing, plaintiff, RAFAEL SEVERINO was and will continue to be deprived of this son, the infant plaintiff, RAFAEL SEVERINO, JR.'s love, companionship, friendship, society and services; and incurred and will continue to incur expenses for the medical aid and treatment of his son, the infant plaintiff, RAFAEL SEVERINO, JR. in the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF RAFAEL SEVERINO

46. Plaintiff, RAFAEL SEVERINO repeats, reiterates and re-alleges each and every allegation contained in each and every paragraph contained in this complaint numbered "1" through "45" inclusive with the same force and effect as though fully set forth herein at length.

47. That plaintiff, RAFAEL SEVERINO is the father and natural guardian of the infant plaintiff, RACHELLE SEVERINO, and as such is entitled to her love, companionship, friendship, society and services.

48. That as a result of the foregoing, plaintiff, RAFAEL SEVERINO was and will continue to be deprived of this daughter, the infant plaintiff, RACHELLE SEVERINO'S love, companionship, friendship, society and services; and incurred and will continue to incur expenses for the medical aid and treatment of his daughter, the infant plaintiff, RACHELLE SEVERINO, in the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

**WHEREFORE**, plaintiff, ATIYA HARRIS, respectfully demands judgment against the defendant, STACEY D. WARE on the first cause of action in the sum of ONE MILLION ($1,000,000.00) DOLLARS and plaintiff, RAFAEL SEVERINO respectfully demands judgment against the defendant, STACEY D. WARE on the second cause of action in the sum of ONE MILLON ($1,000,000.00) DOLLARS; and the infant plaintiff, RAFAEL SEVERINO, JR. by his father and natural guardian, RAFAEL SEVERINO respectfully demands judgment against the defendant, STACEY D. WARE on the third cause of action in the sum of ONE MILLION ($1,000,000.00) DOLLARS; and the infant plaintiff, RACHELLE SEVERINO by her father and natural guardian, RAFAEL SEVERINO respectfully demands judgment against the defendant, STACEY D. WARE on the forth cause of action in the sum of ONE MILLION ($1,000,000.00) DOLLARS; and plaintiff, RAFAEL SEVERINO respectfully demands judgment against the defendant, STACEY D. WARE on the fifth cause of action in the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; and on the sixth cause of action in the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; all together with costs and disbursements of this action.

Dated: Westbury, New York
       March 16, 2004

                                    Yours etc.
                                    Sanford L. Pirotin, P.C.
                                    Attorneys for Plaintiffs
                                    323 Madison Street
                                    Westbury, New York 11590
                                    (516) 333-2553

                              By:   *William A. Kanas*
                                    William S. Kanas, Esq. 7671