UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ATIYA HARRIS; RAFAEL SEVERINO; RAFAEL
SEVERINO, JR., an infant under the age of eighteen
(18) years of age by his father and natural guardian,
RAFAEL SEVERINO; and RACHELLE SEVERINO,
An infant under the age of eighteen (18) years of age
By his father and natural guardian, RAFAEL
SEVERINO,

                   Plaintiffs,

-against-

STACEY D. WARE,

                   Defendant.

------------------------------------------------------------------X

RECEIVED
APR 2004
VERIFIED ANSWER
IN CHAMBERS OF
HON. VIKTOR V. POHORELSKY

INDEX: 04 CV 1120
GLEESON, J.
POHORELSKY, M.

       The defendant, STACEY D. WARE, appearing herein by McDONALD, CARROLL, COHEN & RAYHILL, attorneys for answer to the complaint of the plaintiff, alleges.

       **FIRST:**    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as follows: "2", "3" and "4".

       **SECOND:**    Denies each and every allegation contained in paragraph(s) "1" of the complaint and leave(s) all questions of law to the Court for determination at time of trial.

       **AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

       **THIRD:**    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as follows: "5", "7", "8", "9" and "10".

       **FOURTH:**    Denies each and every allegation contained in paragraph(s) "6", "14", "15" and "16" of the complaint and leave(s) all questions of law to the Court for determination at time of trial.

       **FIFTH:**    Denies each and every allegation set forth in paragraph(s) designated "11", "12", "13" and "17" of the complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

**SIXTH:** Repeat(s) and reiterate(s) each and every admission and denial to the allegations set forth in paragraphs "1" through "17" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated paragraph "18" of the complaint.

**SEVENTH:** Denies each and every allegation contained in paragraph(s) "21", "22" and "23" of the complaint and leave(s) all questions of law to the Court for determination at time of trial.

**EIGHTH:** Denies each and every allegation set forth in paragraphs(s) designated "19", "20" and "24" of the complaint.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

**NINTH:** Repeat(s) and reiterate(s) each and every admission and denial to the allegations set forth in paragraphs "1" through "24" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated paragraph "25" of the complaint.

**TENTH:** Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as follows: "26" and "27".

**ELEVENTH:** Denies each and every allegation contained in paragraph(s) "30", "31" and "32" of the complaint and leave(s) all questions of law to the Court for determination at time of trial.

**TWELFTH:** Denies each and every allegation set forth in paragraphs(s) designated "28", "29" and "33" of the complaint.

### AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

**THIRTEENTH:** Repeat(s) and reiterate(s) each and every admission and denial to the allegations set forth in paragraphs "1" through "33" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated paragraph "34" of the complaint.

**FOURTEENTH:** Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as follows: "35" and "36".

**FIFTEENTH:** Denies each and every allegation contained in paragraph(s) "39", "40" and "41" of the complaint and leave(s) all questions of law to the Court for determination at time of trial.

**SIXTEENTH:** Denies each and every allegation set forth in paragraphs(s) designated "37", "38" and "42" of the complaint.

### AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

**SEVENTEENTH:** Repeat(s) and reiterate(s) each and every admission and denial to the allegations set forth in paragraphs "1" through" "42" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated paragraph "43" of the complaint.

**EIGHTEENTH:** Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as follows: "44"

**NINETEETH:** Denies each and every allegation set forth in paragraphs(s) designated "45" of the complaint.

### AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

**TWENTIETH:** Repeat(s) and reiterate(s) each and every admission and denial to the allegations set forth in paragraphs "1" through" "45" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated paragraph "46" of the complaint.

**TWENTY-FIRST:** Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as follows: "47"

**TWENTY-SECOND:** Denies each and every allegation set forth in paragraphs(s) designated "48" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That the accident alleged in the complaint and the injuries and damages alleged therein to have been incurred by the plaintiff were proximately caused in whole or in part by the contributory negligence and/or culpable conduct of the plaintiff herein.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the plaintiff was further contributorily negligent in that he failed and neglected to make use of restraining seat belts with which the motor vehicle which he was occupying was equipped and that said failure contributed in whole or in part to the injuries and damages claimed by said plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The plaintiff fails to state a viable cause of action against the answering defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The plaintiff did not suffer any serious injury as defined by Section 5102 of the Insurance Law of the State of New York nor has the plaintiff sustained any economic loss or non-economic loss greater than the basic economic loss as defined in Sections 5102 and 5104 of the Insurance Law of the State of New York.

### AS AND FOR FIFTH AFFIRMATIVE DEFENSE

The liability of this answering defendant is limited under the terms of Article Sixteen of the Civil Practice Law and Rules of The State of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That the Court lacks jurisdiction over the person of the answering defendant.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

That the plaintiff had knowledge or, appreciated and voluntarily encountered the risks incident to the activities in which he was engaged as alleged in the complaint. The injuries alleged by the plaintiff were caused by or arose out of such risks assumed by him.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Any injuries or damages allegedly sustained by the plaintiff were caused or contributed to in whole or in part by the plaintiff's failure to mitigate said injuries or damages, and if any judgment is recovered against the defendant(s), said judgment should be apportioned and reduced by the percentage of the plaintiff's failure to mitigate said injuries or damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

If any damages are recoverable against the answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral sources.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

That the commencement of this action occurred beyond the statutory time limits applicable to the within proceedings.

WHEREFORE, the defendant(s) demand(s) judgment dismissing the complaint of the plaintiff herein together with the costs and disbursement of this action.

DATED:  New York, NY
        April 20, 2004

Respectfully submitted,

McDONALD, CARROLL, COHEN & RAYHILL
Attorneys for Defendant
STACEY D. WARE
One Whitehall Street
New York, NY 10004-2109
Phone: (212) 248-9100
Fax Nos: (212) 510-9257, 510-9258,
FILE NO. 04NY00809

By: _____
    ROBERT F. McCARTHY (RM-9676)

TO:   SANFORD L. PIROTIN, P.C.,
      Attorneys for Plaintiff
      323 Madison Street
      Westbury, NY 11590
      (516) 333-2553

## ATTORNEY'S VERIFICATION

ROBERT F. McCARTHY, an attorney duly admitted to practice in the State of New York states the following under the penalties of perjury:

That he is with the firm of McDONALD, CARROLL, COHEN & RAYHILL, the attorneys for the defendant, STACEY D. WARE, in this action, that he has read the foregoing Answer and knows the contents thereof, that the same is true to his knowledge except as to matters therein stated to be alleged upon information and belief and as to those matters he believes them to be true;

Affiant further says that the reason this verification is made by him and not by defendant is that the defendant does not reside within the County of New York where McDONALD, CARROLL, COHEN & RAYHILL have their office.

All matters herein stated upon information and belief are based upon affiant's file, correspondence and conversations with the defendant.

DATED:     New York, New York
           April 20, 2004

                                              _____
                                              ROBERT F. McCARTHY
                                              (RM-9676)

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
CITY OF NEW YORK )
COUNTY OF NEW YORK)

LAURIE ANN LEPORE being duly sworn deposes and says, that she is employed by McDONALD, CARROLL, COHEN & RAYHILL, the attorneys for the within named defendant – **STACEY D. WARE**. That on April 20, 2004 the served the within ANSWER upon the following:

SANFORD L. PIROTIN, P.C.,
Attorneys for Plaintiff
323 Madison Street
Westbury, NY 11590
(516) 333-2553

by depositing a true copy of the same securely enclosed in a post-paid wrapper in the Post Office Box regularly maintained by the United States Government at One Whitehall Street, in said County of New York directed to said attorneys for the named above, that being the address within the state designated by them for the purpose upon the preceding papers in this action, or the place where they then kept an office, between which places there then was and now is a regular communication by mail.

Deponent is over the age of 18 years and is not a party to the action.

LAURIE ANN LEPORE

Sworn to before me on
April 20, 2004

_____
Notary Public

VERONICA SANTIAGO
Notary Public, State of New York
No. 01SA6006631
Qualified in Bronx County
Commission Expires May 4, ____