LAW OFFICES
## McDONALD, CARROLL, COHEN & RAYHILL

DAVID L. BENDIK
MICHAEL A. BUFFA
DENIS E. CARROLL
PAUL COHEN
MARK A. COLLESANO
JOHN K. CORRIGAN
STEVEN M. DISTLER
ALEXANDER D. FISHER
STEPHEN I. GOLDBERG
ROBERT F. McCARTHY
VIRGINIA E. McDONALD
KATHLEEN E. NEGRI
MICHAEL P. O'BRIEN
GAIL P. PARISER
KENNETH E. PINCZOWER
BRIAN J. RAYHILL

Employees of Nationwide Mutual Insurance Company®
Not a Partnership

13TH FLOOR
ONE WHITEHALL STREET
NEW YORK, NY 10004-3605

_____

(212) 248-9100
FAX (212) 510-9257, and 510-9258

THOMAS J. REILLY
RAYMOND J. SOFIELD

OFFICE SUPERVISOR
SELENA STIGALL

PARALEGALS
CHERYL E. CHARLES
TRANELL D. DANIELS
ALICE JUNE HOEY
STAVROULA S. KONTOGIANNIS
KINAYA REEVES
LAURA E. RUBINICH
VINCENT VOZZO

October 20, 2004

Honorable John Gleeson
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Attiya Harris, et al., v. Stacey D. Ware
     Index No.:      04 CV 1120
     Our File No.:   04NY00806

Your Honor:

This office represents defendant Stacey Ware, with respect to the above-referenced litigation. An initial conference was held before Magistrate Judge Pohorelsky on September 28, 2004. The case arises from personal injuries allegedly sustained by plaintiff in an automobile accident on March 24, 2001. Plaintiffs commenced the aforementioned lawsuit in the United States District Court for the Eastern District of New York on or about March 16, 2004. Defendant interposed an Answer on or about April 20, 2004, which included, inter alia, the defenses of lack of jurisdiction over the person or defendant and a statute of limitations defense.

Defendant respectfully requests a Pre-Motion Conference and permission to make a motion (1) to dismiss the case for lack of personal jurisdiction, or (2) to transfer the case to the United States District Court for the District of Delaware, or (3) to apply Delaware law to the proceedings, or (4) to dismiss the matter based upon the expiration of the applicable statute of limitations.

The accident forming the basis of the plaintiffs' lawsuit occurred in the state of Delaware. Defendant is a resident of Delaware with no New York contacts. Upon information and belief, the police officer who responded to the scene of the accident, and who will be called by the defense to testify at trial, also is a resident of the State of Delaware.

Honorable John Gleeson
October 20, 2004
Page 2 of 3

Under the prevailing state of the law, plaintiff bears the ultimate burden of proving the Court's jurisdiction. It is respectfully submitted that, in the present case, plaintiffs cannot meet their burden of establishing personal jurisdiction over defendant under the relevant statutory provisions.

Defendant is a resident of the State of Delaware and does not transact any business within New York State, nor does she contract anywhere to supply goods or services in New York. Additionally, defendant does not regularly conduct or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in New York, nor does she derive revenue from interstate or international commerce; nor does she own, use or possess any real property located within the state. Under circumstances such as those in the instant proceedings, where at the time of the accident, defendant was not a resident of New York and has no contacts with New York, dismissal for lack of jurisdiction is appropriate.

When venue is challenged, it is the plaintiff's burden to show that it is proper in the forum district. Under the circumstances, the Complaint should be dismissed for inappropriate venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. Defendant submits that the venue statue applicable to this case is 28 U.S.C. § 1391(a), because the Complaint alleges diversity jurisdiction under 28 U.S.C. § 1332. 28 U.S.C. § 1391(a) provides in relevant part that a matter, "wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a). Under the circumstances, venue in New York is improper, as it is undisputed that the events giving rise to the claim occurred in Delaware.

Clearly, there is no conceivable basis upon which venue for this action can be established in New York. The accident forming the basis of plaintiff's lawsuit occurred in Delaware, defendant is a resident of Delaware, and the non-party police witness is, upon information and belief, a resident of Delaware.

In the alternative, the case should be transferred to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 1404(a). This statute provides, among other things, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the District Court. In determining whether a transfer is warranted, district courts have considered a number of factors, and an analysis of the relevant factors, as they relate to the instant proceedings, favors transfer to Delaware.

When subject matter jurisdiction is based upon diversity of citizenship, a district court must apply the choice of law rules of the forum state. Under New York choice of law rules, the state with the most significant relationship to an alleged tort supplies the governing substantive law. When the domiciles of the parties differ, the location of the

Honorable John Gleeson
October 20, 2004
Page 3 of 3

injury generally determines the governing substantive law. In this case, defendant is domiciled in Delaware and the tort occurred in Delaware. Accordingly, the State of Delaware arguably possesses the most significant relationship to this action. As a result, the Court should apply the substantive law of Delaware to the facts of the instant litigation.

Delaware is the locus of operative facts, as the accident took place in Delaware and at least two defense witnesses who will be called to testify at trial are residents of the state of Delaware. The operative facts with respect to these proceedings have little or no connection with the state of New York and are outweighed by the connection of operative facts to the state of Delaware. Moreover, the relevant statute of limitations, for the purposes of the accident forming the basis of plaintiff's lawsuit, has expired. "No action to recover damages for wrongful death or for injury to personal property shall be brought after the expiration of 2 years from the accruing of the cause of such action." 10 Del. C. § 8107 (2004).

Based upon the foregoing, defendant respectfully requests a Pre-Motion Conference and requests permission to submit a motion to the Court on the issue of dismissing for lack of personal jurisdiction, change of venue, the application of Delaware law to the proceedings and dismissal based upon the expiration of the applicable statute of limitations.

A further conference has been scheduled before Magistrate Judge Pohorelsky on October 26, 2004. If your Honor grants a pre-motion conference, the appearance before Magistrate Judge Pohorelsky on the 26th will be unnecessary, and the parties will report to the Magistrate following the pre-motion conference.

Should the Court require any additional information, please do not hesitate to contact the undersigned.

Respectfully submitted,

McDONALD, CARROLL, COHEN & RAYHILL


By: _____
    Robert F. McCarthy (RM-9676)

cc:  Honorable Viktor V. Pohorelsky
     United States Magistrate Judge

     Sanford L. Pirotin, PC
     Counsel for Plaintiff