UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

ATIYA HARRIS; RAFAEL SEVERINO; RAFAEL                     **NOTICE**
SEVERINO, JR., an infant under the age of eighteen       **OF**
(18) years of age by his father and natural guardian,    **MOTION**
RAFAEL SEVERINO; and RACHELLE SEVERINO,
An infant under the age of eighteen (18) years of age
By his father and natural guardian, RAFAEL
SEVERINO,                                                 INDEX NO.
                   Plaintiffs,                04 CV 1120

        -against-                                       GLEESON, J.

STACEY D. WARE,                                           POHORELSKY, M


                 Defendant.
--------------------------------------------------------------------X

COUNSELORS:

     PLEASE TAKE NOTICE that upon the annexed Affidavits of Robert F. McCarthy, Esq. sworn to this 4th day of February, 2005, and Jayne L. Hachtel, Special Investigator with Nationwide Mutual Insurance Company, sworn to this 3rd day of February, 2005, the Exhibits thereto, the accompanying Memorandum of Law, and all the pleadings and proceedings heretofore had herein, the defendant, STACEY D. WARE, by her attorneys, The Law Offices of McDonald, Carroll, Cohen and Rayhill, will move this Court before the Honorable J. Gleeson, at the United States District Court for the Eastern District of New York, at 225 Cadman Plaza East, Brooklyn, New York 11201, on a date and at a time to be designated by the Court, for an Order, pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, dismissing the Complaint, or in the alternative, for an Order pursuant to 28 U.S.C. § 1404(a) transferring the action to the United States District Court for the District of

Delaware, or in the alternative, for an Order applying Delaware substantive law to the

instant proceedings, together with such other and further relief as this Court may deem

just and proper.

Responding papers to be submitted pursuant to the Court's scheduling Order.

Date:   New York, New York
        February 4, 2005

Respectfully submitted,

By:   _____
      Robert F. McCarthy (RM-9676)

THE LAW OFFICES OF
McDONALD, CARROLL,
COHEN & RAYHILL
Attorneys for Defendant
STACEY D. WARE
1 Whitehall Street
New York, New York  10004
(212) 248-9100

TO: SANFORD L. PIROTIN, P.C.
    Attorneys for Plaintiff
    323 Madison Avenue
    Westbury, New York 11590
    (516) 333-2553

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ATIYA HARRIS; RAFAEL SEVERINO; RAFAEL
SEVERINO, JR., an infant under the age of eighteen
(18) years of age by his father and natural guardian,
RAFAEL SEVERINO; and RACHELLE SEVERINO,
An infant under the age of eighteen (18) years of age
By his father and natural guardian, RAFAEL
SEVERINO,                                                    INDEX NO.
                                     Plaintiffs,              04 CV 1120

                        -against-                            GLEESON, J.

STACEY D. WARE,
        POHORELSKY, M



                                     Defendant.
------------------------------------------------------------------------X

### AFFIDAVIT OF ROBERT F. McCARTHY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR TRANSFER, OR IN THE ALTERNATIVE, FOR THE APPLICATION OF DELAWARE LAW

STATE OF NEW YORK     )

                            ss:

COUNTY OF NEW YORK )

        ROBERT F. McCARTHY, ESQ., being duly sworn, deposes and says:

1.      I am an attorney with The Law Offices of McDonald, Carroll, Cohen and

Rayhill, attorneys for the defendant, STACEY D. WARE ("WARE") in the above-

captioned matter and as such, I am familiar with the facts and circumstances of this

matter based upon a review of the file maintained by my office.  This office represents

WARE, in connection with the lawsuit brought by plaintiffs, ATTIYA HARRIS,

RAFAEL SEVERINO, RAFAEL SEVERINO, JR., an infant under the age of eighteen

and RACHELLE SEVERINO, an infant under the age of eighteen.

2.     I submit this Affidavit and accompanying Memorandum of Law in support of

WARE's Motion, to dismiss the action under Federal Rule of Civil Procedure 12(b)(2)

and 12(b)(3) for lack of jurisdiction over the person or for improper venue, respectively,

or in the alternative, for the application of Delaware law and subsequent dismissal of

the action since it was commenced beyond the expiration of the applicable statute of

limitations, or in the alternative, for transfer of the action to the United States District

Court for the District of Delaware pursuant to 28 U.S.C. §1404(a),.

## PRELIMINARY STATEMENT

3.     This action arises from personal injuries allegedly sustained by plaintiffs as a

result of a motor vehicle accident, which occurred between the parties on March 24,

2001, while they were traveling in the vicinity of Christiana Mall Road, in the state of

Delaware. Plaintiffs brought the instant suit against WARE, a Delaware resident who,

upon information and belief, has no New York contacts.  Despite the fact that WARE

lacks any contacts with New York, nor was a tortious act committed in New York,

plaintiffs' commenced the action in the United States District Court for the Eastern

District of New York, a Court that arguably does not have in personam jurisdiction over

WARE.  A copy of the police report for the subject motor vehicle accident is annexed

hereto as Exhibit "A".  Lastly, no evidence exists suggesting that WARE was served

with process with respect to these proceedings.

## FACTUAL BACKGROUND

4.     On or about March 16, 2004, plaintiffs commenced an action against WARE in

the United State District Court, Eastern District of New York, sounding in negligence,

alleging that on March 24, 2001, plaintiffs sustained personal injuries as a result of the

aforementioned motor vehicle accident. On or about April 20, 2004, an answer was interposed on behalf of the defendant, WARE.  Copies of the Complaint and Answer are annexed hereto as Exhibit "B".

5.    It is alleged that the plaintiffs are residents of the State of New York.  See paragraph three (3) of plaintiffs' complaint. Plaintiff also alleges defendant WARE is a citizen of Delaware.  See Plaintiffs' complaint at paragraph four (4).  Furthermore, by all indications, WARE is a resident of the state of Delaware.  See Letter from Delaware Department of Correction, Bureau of Community Corrections, annexed hereto as Exhibit "C".  See also Affidavit of Jayne Hachtel, annexed hereto as Exhibit "D".

6.    There has been no evidence adduced thus far to suggest that WARE was served with process with respect to this matter.  Moreover, there is no indication that WARE has any New York contacts sufficient to warrant in personam jurisdiction.  See Hachtel affidavit annexed hereto as Exhibit "D".

7.    The evidence clearly establishes that the accident occurred in the State of Delaware.  Moreover, as evidenced by the police accident report, the non-party witness responding police officer, Douglas Rentz, is a member of the Delaware law enforcement community.

    WHEREFORE, defendant WARE respectfully requests that this Court dismiss the action for lack of jurisdiction over the person of the defendant or for improper venue, or in the alternative, for the application of Delaware law and subsequent dismissal of the action since it was commenced beyond the expiration of the applicable statute of limitations, or in the alternative, transfer of the action from the United States District Court for the Eastern District of New York to the United States District Court

for the District of Delaware.


$$\overline{\hspace{3cm}}$$
Robert F. McCarthy, Esq. (RM-9676)

Sworn to before me this

4th day of February, 2005


$$\overline{\hspace{2.5cm}}$$
NOTARY PUBLIC

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………….…………….i i

PRELIMINARY STATEMENT……………………………………………….…………….… 1

STATEMENT OF FACTS……………………………………………………………………1

ARGUMENT……………………………………………….………………………….. 1

POINT I

THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT ……………………………..1

POINT II

VENUE IS IMPROPER IN THIS DISTRICT…………...4

POINT III

THE SUBSTANTIVE LAW OF DELAWARE SHOULD APPLY TO THIS ACTION………………………………5

    a.    The Choice of Law Test Warrants Application of Delaware Law………………5

    b.    Plaintiffs' Action is Time Barred……………7

POINT IV

THE ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE ………………………9

CONCLUSION……………………………………………….………………..1 1

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

<u>AroChem Int'l, Inc. v. Buirkle,</u> 968 F.2d 266 (2d Cir. 1992)………………………..6

<u>Bader v. Purdom,</u> 841 F.2d 38 (2d Cir. 1988)………………………………………..6

<u>Domond v. Great Am. Rec., Inc.,</u> 116 F. Supp. 2d 368 (E.D.N.Y. 2000)…………....8

<u>Filmline (Cross-Country) Productions, Inc. v. United Artist Corp.,</u> 865 F.2d 513 (2d Cir. 1989)……………………………………………..…………………………..8

<u>Geller Media Management, Inc. v. Beaudreault,</u> 910 F.Supp. 135 (S.D.N.Y. 1996)…………………………………………………………………………5

<u>Gray v. Busch Entertainment Corp.,</u> 886 F.2d 14 (2d Cir. 1989)…………………….6

<u>Hernandez v. Graebel Van Lines,</u> 761 F.Supp 983 (E.D.N.Y. 1991)…………….8, 10

<u>Hinsch v. Outrigger Hotels Haw.,</u> 153 F. Supp. 2d 209 (E.D.N.Y. 2001)…………...2

<u>Intermor v. Walt Disney Co.,</u> 250 F. Supp. 2d 116 (E.D.N.Y. 2003)………………..2

<u>Klaxon Co. v. Stentor Electric Mfg. Co.,</u> 313 U.S. 487, 85 L. Ed. 1477, 61 S. Ct. 1020 (1941)………………………………………………………………5

<u>Laumann Manufacturing Corp. v. Castings USA, Inc.,</u> 913 F.Supp. 712 (E.D.N.Y. 1996)……………………………………………………………………2

<u>Morales v. Schofield,</u> 174 F.R.D. 253 (E.D.N.Y. 1997)……………………………...3

Reeves v. American Broadcasting Cos., 719 F.2d 602 (2d Cir. 1983)………………..6

Saferstein v. Mardinly, Durham, James, Flandreau & Rodger, P.C., 927 F. Supp. 731,                                     735                                     (S.D.N.Y. 1996)…………………………………………………………………4

Strange v. Keiper Recaro Seating, Inc., 117 F. Supp. 2d 408 (D. Del. 2000), affirmed,             281             F.3d             224             (3d             Cir. 2001)…………………………………………………..7

Swindell v. Florida East Coast Railway Company, 201 F.3d 432 (2d. Cir. 1999)………………………………………………………………....1, 4

Winn v. Associated Press, 903 F. Supp. 575 (S.D.N.Y 1995), affirmed,             104             F.3d             350             (2d             Cir. 1996)…………………………………………..6

## **Statutes**

CPLR 302(a)………………………………………………………………..3

28 U.S.C. § 1391(a)………………………………………………………....5

28 U.S.C. § 1404(a)………………………………………………………....8

10 Del. C. § 8119……………………………………………………………7

## **Other**

15 Wright, Miller & Cooper Federal Practice and Procedure Jurisdiction 2d § 3826………..…………………………….………………….……..5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
ATIYA HARRIS; RAFAEL SEVERINO; RAFAEL
SEVERINO, JR., an infant under the age of eighteen
(18) years of age by his father and natural guardian,
RAFAEL SEVERINO; and RACHELLE SEVERINO,
An infant under the age of eighteen (18) years of age
By his father and natural guardian, RAFAEL
SEVERINO,                                                    INDEX NO.
                 Plaintiffs,      04 CV 1120

       -against-                                    GLEESON, J.

STACEY D. WARE,                                          POHORELSKY, M


                Defendant.
--------------------------------------------------------------------X


## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR TO TRANSFER VENUE AND FOR THE APPLICATION OF DELAWARE LAW


                      THE LAW OFFICES OF
                      McDONALD, CARROLL,
                      COHEN and RAYHILL
                      Attorneys for Defendant
                      STACEY D. WARE
                      1 Whitehall Street
                      New York, New York  10004
                      (212) 248-9100

Of Counsel:
Robert F. McCarthy (RM-9676)

**PRELIMINARY STATEMENT**

Defendant STACEY D. WARE ("WARE") respectfully submits this Memorandum of Law in Support of her Motion to Dismiss Plaintiffs' complaint pursuant to Rule 12(b)(2) and Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, for the application of Delaware substantive law and subsequent dismissal of the action because it was commenced after the expiration of the applicable statute of limitations, or in the alternative, to transfer the action to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1404(a).

**STATEMENT OF FACTS**

The facts respecting this action are delineated in the accompanying affidavit of Robert F. McCarthy, Esq., which defendant submits in support of the instant motion and respectfully incorporates herein.

**ARGUMENT**

**POINT I**

**THIS COURT LACKS PERSONAL JURISDICTION
OVER THE DEFENDANT**

The Complaint should be dismissed for lack of jurisdiction over the person of the defendant pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

It is well established that "the plaintiff bears the ultimate burden of proving the Court's jurisdiction." Swindell v. Florida East Coast Railway Company, 201 F.3d 432 (2d. Cir. 1999).

Additionally, the Courts have held that:

> Personal jurisdiction over a Defendant in a diversity action is determined by reference to the relevant statutes of the forum state. Under New York Law, the Court must follow a two-step procedure in order to determine whether there is personal jurisdiction over a defendant:
>
> 1. The Court must determine whether New York Civil Practice Law and Rules ("CPLR") §§ 301 or 302 provide a basis for personal jurisdiction, and
>
> 2. If they do, the Court must then conduct a constitutional inquiry to determine whether the exercise of personal jurisdiction over the defendant would offend due process pursuant to International Shoe Company v. Washington, and its progeny.

Laumann Manufacturing Corp. v. Castings USA, Inc., 913 F.Supp. 712, 715 (E.D.N.Y. 1996).

Where, as in the case at bar, the basis of federal jurisdiction is diversity of citizenship, the Court must apply the law of the State of New York to establish whether jurisdiction over the defendant may be exercised. Hinsch v. Outrigger Hotels Haw., 153 F. Supp. 2d 209, 211 (E.D.N.Y. 2001). The burden of establishing jurisdiction over a defendant is on the plaintiff. Intermor v. Walt Disney Co., 250 F. Supp. 2d 116, 118 (E.D.N.Y. 2003) (emphasis added).

Under New York Law, a Court may exercise personal jurisdiction over a non-domiciliary pursuant to CPLR 302, which provides in relevant part:

> . . . a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or . . .
>
> 3. commits a tortious act without the state causing injury to person or property within the state . . . if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

CPLR 302(a).

In the present case, plaintiffs cannot meet their burden of establishing personal jurisdiction over defendant under the relevant statutory provisions. As such, the Complaint should be dismissed.

Notably, none of the New York CPLR criteria have been met, warranting dismissal of the action. Defendant, as evidenced by the police accident report and accompanying exhibits, is a resident of the State of Delaware. Plaintiffs have offered no evidence thus far to suggest that WARE is a resident of New York, or that WARE transacts any business within New York State, or that WARE contracts anywhere to supply goods or services in New York. Additionally, plaintiffs offer no evidence to suggest that WARE regularly conducts or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York, or that WARE derives revenue from interstate or international commerce; or that WARE owns, uses or possesses any real property located within the state of New York.

Under circumstances such as those in the instant proceedings, where at the time of the accident, defendant was not a resident of New York and has no contacts with New York, dismissal for lack of jurisdiction is appropriate. Morales v. Schofield, 174 F.R.D. 253, 258 (E.D.N.Y. 1997). Consequently, this Court cannot exercise personal

jurisdiction over defendant under this section of the statute and personal jurisdiction, therefore, does not lie. Accordingly, the Complaint should be dismissed.

Specifically, CPLR § 302(a)(3) applies when a defendant commits a tortious act outside New York that injures a plaintiff within New York. Swindell v. Florida East Coast Railway Company 201 F.3d 432 (2d Cir. 1999). CPLR § 302(a)(3) would only apply if the defendant regularly does or solicits business, engages in any other persistent course of conduct, derives substantial revenue from goods used or consumed or services rendered in New York, or expects or should reasonably expect the act to have consequences in the State and derives substantial revenue from interstate or international commerce. In the case at bar, there is no indication whatsoever that defendant regularly conducted or solicited business in New York, or engaged in any other persistent course of conduct or derived substantial revenue from goods used, or consumed or services rendered in New York. As such, CPLR § 302(a)(3) clearly does not apply.

Consequently, this Court cannot exercise personal jurisdiction over defendant.

## POINT II

## <u>VENUE IS IMPROPER IN THIS DISTRICT</u>

When venue is challenged it is the plaintiff's burden to show that it is proper in the forum district. Saferstein v. Mardinly, Durham, James, Flandreau & Rodger, P.C., 927 F. Supp. 731, 735 (S.D.N.Y. 1996). Under the circumstances, the Complaint should be dismissed for inappropriate venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

Defendant submits that the venue statue applicable to this case is 28 U.S.C. §

1391(a), because the Complaint alleges diversity jurisdiction under 28 U.S.C. § 1332.

28 U.S.C. § 1391(a) provides in relevant part that a matter, "wherein jurisdiction is

founded only on diversity of citizenship may, except as otherwise provided by law, be

brought only in . . . (2) a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a).  Under the

circumstances, venue in New York is improper, as it is undisputed that the events giving

rise to the claim occurred in Delaware.

When a proper objection is made to venue, "the burden is on the plaintiff to

establish that the district he chose is a proper venue."  15 Wright, Miller & Cooper

Federal Practice and Procedure Jurisdiction 2d § 3826, at page 259.   A motion to

dismiss for lack of venue is authorized under Rule 12(b)(3) of the Federal Rules of Civil

Procedure.  Geller Media Management, Inc. v. Beaudreault,  910 F.Supp. 135 (S.D.N.Y.

1996).

Clearly, there is no conceivable basis upon which venue for this action can be

established in New York.  The accident forming the basis of plaintiff's lawsuit occurred

in Delaware; defendant, upon information and belief, is a resident of Delaware, and the

non-party police witness is, upon information and belief, a resident of Delaware.

## POINT III

### THE SUBSTANTIVE LAW OF DELAWARE
### SHOULD APPLY TO THIS LITIGATION

**a.**      **The Choice of Law Test Warrants Application of Delaware Law**

When subject matter jurisdiction is based upon diversity of citizenship, a district

court must apply the choice of law rules of the forum state.  Klaxon Co. v. Stentor

Electric Mfg. Co., 313 U.S. 487, 496-97, 85 L. Ed. 1477, 61 S. Ct. 1020 (1941). Under New York choice of law rules, the state with the most significant relationship to an alleged tort supplies the governing substantive law. Reeves v. American Broadcasting Cos., 719 F.2d 602, 605 (2d Cir. 1983). When the domiciles of the parties differ, the location of the injury generally determines the governing substantive law. Gray v. Busch Entertainment Corp., 886 F.2d 14, 15 (2d Cir. 1989); Bader v. Purdom, 841 F.2d 38, 40 (2d Cir. 1988).

In this case, defendant is domiciled in Delaware and the tort occurred in Delaware. Accordingly, the State of Delaware arguably possesses the most significant relationship to this action. See, e.g., AroChem Int'l, Inc. v. Buirkle, 968 F.2d 266, 269-270 (2d Cir. 1992) (recognizing that most significant contacts normally are domicile and locus of a tort). As a result, the Court should apply the substantive law of Delaware to the facts of the instant litigation. See Winn v. Associated Press, 903 F. Supp. 575, 578 (S.D.N.Y 1995) (applying Virginia law when one of the parties was domiciled in Virginia and the cause of action arose in Virginia), affirmed, 104 F.3d 350 (2d Cir. 1996).

It is evident after applying the "most significant relationship" test to the instant proceedings that the application of Delaware law clearly is warranted.

Delaware is the locus of operative facts, as the accident took place in Delaware and at least two defense witnesses who will be called to testify at trial are residents of the state of Delaware. The operative facts with respect to these proceedings have little or no connection with the state of New York and are outweighed by the connection of operative facts to the state of Delaware.

**b.      Plaintiffs' Action is Time-Barred**

The relevant statute of limitations, for the purposes of the accident forming the basis of plaintiff's lawsuit, has expired.  The applicable Delaware statute respecting limitations of actions is unequivocal:

> No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained . . . .

10 Del. C. § 8119 (2004).

Federal Courts in Delaware recognize that, in Delaware, "the statute of limitations for personal injuries is two years."  Strange v. Keiper Recaro Seating, Inc., 117 F.Supp. 2d 408, 410 (D. Del. 2000), affirmed, 281 F.3d 224 (3d Cir. 2001).

In the case at bar, plaintiffs commenced the action almost three years to the day of the accident in a blatant attempt at an end-run around the applicable statute of limitations.  Moreover, the erroneous commencement of the proceedings in New York is a thinly veiled example of forum shopping.  As a matter of law, plaintiffs' claims for personal injuries are time-barred and the complaint and all claims against defendant WARE should be dismissed.  See id (granting summary judgment in favor of defendant because plaintiff asserted personal injury claims more than two years after occurrence).

## POINT IV

## THE ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

In the event that this Court does not dismiss the Complaint on the basis of lack of personal jurisdiction and improper venue, or based upon the expiration of the statute

of limitations, in the alternative, the case should be transferred to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 1404(a).  This statute provides as follows:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

Whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the District Court. Filmline (Cross-Country) Productions, Inc. v. United Artist Corp., 865 F.2d 513, 520 (2d Cir. 1989); Domond v. Great Am. Rec., Inc., 116 F. Supp. 2d 368, 375 (E.D.N.Y. 2000).

In determining whether a transfer is warranted, district courts have considered a number of factors, including:

> (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) attendance of witnesses; (6) the weight accorded the plaintiff's choice of forum; (7) calendar congestion; (8) the desirability of having the case tried by the forum familiar with the substantive law to be applied; (9) practical difficulties; and finally (10) the Court should also consider how best to serve the interest of justice based on an assessment of the totality of material circumstances.

Hernandez v. Graebel Van Lines, 761 F.Supp 983, 987 (E.D.N.Y. 1991).

An analysis of the relevant factors, as they relate to the instant proceedings, favors transfer to Delaware.

(1)      The convenience of the parties

The convenience of the parties factor arguably is balanced, as plaintiffs are residents of the State of New York and defendant is a resident of the State of Delaware. Notwithstanding, the balance tips due to the presence of the non-party police witness.

(2)    The convenience of witnesses

Notably, the non-party responding police officer is, upon information and belief, a resident of Delaware. The fact that defendant and the non-party witness reside in Delaware favors transfer.

(3)    Relative means of the parties

Under the circumstances, defendant would be at a disadvantage if required to travel to New York for discovery and trial. As there are no apparent contacts with New York, travel to the jurisdiction arguably would be burdensome.

(4)    The locus of operative facts and relative ease of access to sources of proof

The operative facts occurred in Delaware. Any site inspection respecting the location of the accident must be undertaken in Delaware and any documentary proof generated by the responding police officer is located in Delaware. Moreover, any non-party discovery whatsoever implicates the need to travel to Delaware.

(5)    The attendance of witnesses

As discussed, defendant and the non-party police officer are residents of Delaware. This factor favors transfer.

(6)    The weight accorded the plaintiff's choice of forum

As addressed, supra, it is submitted by defendant that plaintiffs' choice of forum

is improper.  Accordingly, no deference should be given to plaintiffs.

(7)    <u>Calendar congestion</u>

While the volume of the Eastern District of New York is known to the Court, the burdens of the District of Delaware are unknown, neutralizing this factor.

(8)    The desirability of having the case tried by the forum familiar with the <u>substantive law to be applied</u>

It is defendant's contention that the law of Delaware would apply to these proceedings. Both the Eastern District of New York and the District of Delaware are equally well equipped to decide the claims involved in this action.  Therefore, this factor is neutral.

(9)    <u>Practical difficulties</u>

The practical considerations include the need and attendant burden for the non-party witness and defendant to travel to New York, as well as the fact that the locus of operative facts is Delaware.

(10)    The Court should also consider how best to serve the interest of justice based on <u>an assessment of the totality of material circumstances</u>

Clearly, based on the application of the relevant factors to the case at bar, the interests of justice and the majority of relevant factors warrant the transfer of the case to the District of Delaware.  <u>See</u>,  <u>e.g.</u>, <u>Hernandez v. Graebel Van Lines</u>, 761 F.Supp 983 (E.D.N.Y.1991) (transferring automobile accident case from Eastern District of New York to the Southern District of Florida after analysis of factors to be considered; accident occurred in Florida and witnesses to the event were located in Florida). Therefore, the case should be transferred to the District of Delaware.

## <u>CONCLUSION</u>

For the foregoing reasons, defendant respectfully requests that its Motion to Dismiss the Complaint be granted in its entirety, or in the alternative, that Delaware substantive law apply to the instant proceedings and that the matter be dismissed as time-barred, or in the alternative, the action should be transferred to the United States District Court for the District of Delaware, and for such other and further relief as this Court deems just and proper.

Date:   New York, New York
       February 4, 2005

                              Respectfully submitted,

                              THE LAW OFFICES OF
                              McDONALD, CARROLL,
                              COHEN and RAYHILL

                        By: _____
                              Robert F. McCarthy (RM-9676)

                              Attorneys for Defendant
                              STACEY D. WARE
                              1 Whitehall Street
                              New York, New York  10004
                              (212) 248-9100

To:     Sanford L. Pirotin, PC
       323 Madison Street
       Westbury, NY 11590

## AFFIDAVIT OF PERSONAL SERVICE

STATE OF NEW YORK )
CITY OF NEW YORK  )
COUNTY OF NEW YORK)

ROBERT F. McCARTHY,  being duly sworn deposes and says, that he is
employed by McDONALD, CARROLL,COHEN & RAYHILL, the attorneys for
the within named defendant – **STACEY D. WARE** .  That on February 4, 2005,
he served the within NOTICE OF MOTION, ATTORNEY'S AFFIRMATION,
SUPPORTING AFFIDAVIT, ACCOMPANYING EXHIBITS, DEFENDANT'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR TO
TRANSFER VENUE AND FOR THE APPLICATION OF DELAWARE LAW ,
upon the following:

**BY PERSONAL SERVICE UPON**

TO:    SANFORD L. PIROTIN, P.C.,
        Attorneys for Plaintiff
        323 Madison Street
        Westbury, NY 11590
        (516) 333-2553


    Deponent is over the age of 18 years and is not a party to the action.


                                                    _____
                                                    ROBERT F. McCARTHY


Sworn to before me on
4th of February, 2005


_____
        Notary Public