-------------------------------------------------------------------------------X
ATIYA HARRIS; RAFAEL SEVERINO; RAFAEL
SEVERINO, JR., an infant under the age of eighteen
(18) years of age by his father and natural guardian,
RAFAEL SEVERINO; and RACHELLE SEVERINO,
an infant under the age of eighteen (18) years of age
by his father and natural guardian, RAFAEL SEVERINO,

                            Plaintiffs,

                                          INDEX NO.
                                          04 CV 1120
           -against-

                                          GLEESON, J.
STACEY D. WARE,

                                          POHORELSKY, M.
                           Defendant.
-------------------------------------------------------------------------------X


      William S. Kanas, an attorney duly licensed to practice law in the United State

District Court for the Eastern District of the State of New York affirms the following t

be true upon information and belief and under penalties of perjury:

      1. That I am a member of the law firm of Sanford L. Pirotin, P.C. attorneys fo

the plaintiffs ATIYA HARRIS; RAFAEL SEVERINO; RAFAEL SEVERINO, JR., a

infant under the age of eighteen (18) years of age by his father and natural guardian,

RAFAEL SEVERINO; and RACHELLE SEVERINO, an infant under the age of

eighteen (18) years of age by his father and natural guardian, RAFAEL SEVERINO

and as such am fully familiar with the facts and circumstances herein. I submit this

affirmation in opposition to the Motion of the defendant, STACEY D. WARE, to dism

or transfer, or in the alternative, for the application of Delaware law.

2. While we concede certain points that defense counsel makes in his affi[davit] and accompanying memoranda of law, and with all due respect, as Mr. McCarthy [has] demonstrated the utmost in professional courtesy throughout these proceedings, hi[s] motion must be denied. It would be improper as a matter of law to dismiss or tran[sfer] case at bar or to even apply Delaware law.

3. We do not dispute the facts that defense counsel puts forth in his preli[minary] statement or the factual background with regard to the details of the case. We do, however, maintain that the United States District Court for the Eastern District of [New] York does indeed have in personam jurisdiction over defendant WARE.

4. In the memoranda of law, defense counsel states that this Honorable C[ourt] lacks personal jurisdiction. Defense counsel lists the criteria in which this Honora[ble] Court may exercise said jurisdiction pursuant to Section 302 of the New York CPL[R].

5. To reiterate, the relevant portion of CPLR Section 302 states that:

…a court may exercise personal jurisdiction over any non-domiciliary…w[ho in] person or through an agent…
3. commits a tortious act without the state causing injury to person or prop[erty] within the state…if he…
(ii) expects or should reasonably expect the act to have consequences in th[e state] and derives substantial revenue from interstate or international commerce.

6. In the case at bar, defense counsel is incorrect in his statement that no[ne of] the CPLR criteria have been met. First, it is undisputed that a tortious act occurre[d] without the state. The incident giving rise to cause of action herein occurred in Delaware and the facts of the loss are listed in the police report which consists of Exhibit A of the underlying motion.

7. Second, there was injury to person or property. The plaintiffs all suffe[red] serious personal injuries. These are alleged in the summons and complaint which

8. Third, as the case at bar involves an automobile collision, defendant WAR could easily foresee that her actions would have consequences in New York State. Th vehicle that the plaintiffs were in had New York license plates, which, as this was a re end hit, defendant WARE could clearly see on the vehicle. As all plaintiffs reside in York, their subsequent medical treatment could be easily foreseen as occurring in Nev York State.

9. The fourth criteria can also be seen to be met. While defense counsel provided what appears to be a very thorough affidavit from their investigator, annexed as their Exhibit D, used to bolster the claim that there is no substantial revenue from interstate or international commerce, there is no supporting affidavit from their client. Indeed, nowhere in their papers is their any indication that defense counsel has been i direct contact with the defendant WARE. As their investigator states, defendant was purportedly known by another name. No effort appears to have been made to track he down by that name.

10. Indeed, this investigator's conduct gives rise to another point which defen counsel alleges, and that is there was no evidence to suggest that WARE was served process in this case. Annexed hereto as Exhibit A is a copy of the affidavit of service upon the defendant. It is apparent that our process server was able to find and serve t defendant.

11. We maintain that no proof exists that defendant WARE did not derive substantial revenue from interstate or international commerce. Thus, it can be asserte that no reason exists to suspect otherwise. By that same token, CPLR Section 302(a)

"owns, uses or possesses any real property situated within the state." It can also be asserted that no proof exists that defendant WARE does not meet any of these criteria, particularly as it may be under an alias.

12. Additionally, the due process clause of the Fourteenth Amendment may also be seen to apply here, as plaintiffs are entitled to their day in court, and given their contacts to New York State, i.e. the fact that they all reside in New York State and had of their medical treatment within the state, they should be entitled to bring the cause of action within this State, notwithstanding the jurisdictional issues raised by defense counsel.

13. The due process clause of the Fifth Amendment would also apply. The courts have held that due process considerations require that the assertion of jurisdiction over a nonresident defendant comport with "traditional notions of fair play and substantial justice" such that jurisdiction over the defendant is "reasonable" given the circumstances of the case. Reasonableness has been determined to consist of five factors which are (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states on furthering social substantive policies. Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 244 (2d Cir. 1999), Metropolitan Life Insurance Co. v. Robertson-Ceco Corp 84 F.3d 560, 568 (2d Cir. 1996), Roberts-Gordon v. Superior Radiant Products, Ltd., 85 F.Supp.2d 202 (W.D. New York 2000).

14. In the case at bar, it is clear that the Fifth Amendment allows for jurisdictio to be imposed on defendant WARE as it is reasonable to do so. The first factor is met in that while Delaware is out of state, the only time that defendant would be neede in New York would be at a deposition and trial. As this matter appears to consist of a rear end collision, the actual amount of time required in terms of establishing liability would be minimal, a day or two at most. Delaware is less then four hours away by car Besides, as defense counsel appears to be unable to locate their client, this factor woul seem to be moot, as defendant would not be around to have a burden placed on her. T second and third factor are met in that both New York State and the plaintiffs have an interest in having the case heard and adjudicated in the state wherein all the plaintiffs reside, as it would be the most convenient and effective location wherein relief may be granted for the plaintiffs. The fourth and fifth factors are also met as the most efficient resolution of the controversy would be in New York State, given, again, the residence all the plaintiffs and the fact that all of their medical treatment was rendered here and New York would be the best place to further the substantive social policy of recovery injuries for another's tortious act in this case.

15. We also respectfully disagree with defense counsel's claim that venue is improper.

16. We maintain that to apply 28 U.S.C. Section 1391(a) to remove the case to Delaware would be incorrect. We agree that this matter is in the United States District Court due to diversity of citizenship. However, we also maintain that the Eastern Dist of New York is the proper venue for this case. As the statute states that the case may be brought in " a judicial district in which a substantial part of the events giving rise

to the claim occurred", New York State clearly is that district.

17. The only event which may allow for this case to be brought in Delaware would be that the actual accident occurred in that state. The injured parties were visiting the state of Delaware at the time. However, they are all New York residents, and as such, came back to New York where they received medical treatment. All treatment was provided in New York State, and that alone would be seen to be sufficie to allow the case to be brought here. The injuries and subsequent treatment are the substantial part of the events of the case at bar.

18. With regard to the point that the substantive law of Delaware should apply, we again respectfully disagree. Defendant, citing Reeves v. American Broadcasting Cos., 719 F.2d 602, 605 (2d Cir. 1983) state that the state with the most significant relationship to an alleged tort supplies the governing substantive law.

19. Additionally, New York choice of law rules clearly allow for a state with the most significant contacts with the matter in dispute to be the proper state for venue. Babcock v. Jackson, 12 N.Y.2d 473, 479, 191 N.E.2d 279 (N.Y.Ct. App. 1963). If it can be shown that applying New York choice of law will advance the relative substantive law without impairing the smooth working of the multi-state system or producing great uncertainty for litigants, New York law would be proper. Tooker v. Lopez, 24 N.Y.2d 569, 585, 249 N.E.2d 394 (N.Y. Ct. App. 1969).

20. In the case at bar, New York State is the state with the most significant relationship to the injuries caused by the accident. The plaintiffs all reside in New Yor and were treated by New York medical providers in New York. There is no impairme of the multi-state system by applying New York law in this case, and uncertainty woul

only become apparent should the New York litigants have their case be tried in a different state. For these same and all the foregoing reasons, as long as New York law is being applied, defendants' argument with regard to this matter being time-barred is moot.

21. With regard to the defendant WARE's point that this matter should be transferred to the United States District Court for the District of Delaware, we again respectfully disagree. Taking the factors as outlined by defense counsel to justify transferring the case to Delaware:

1. The convenience of the parties and 2. The convenience of witnesses

While the defendant lives in Delaware, as defense counsel asserts in their papers, they apparently cannot locate her. Thus, it does not appear to matter what state the case at bar is heard. The police witness does not appear to be an eye-witness to the accident which is the subject of this suit, and thus his testimony will only amount to what he learned after the accident actually took place. All four plaintiffs reside in New York State. All of their medical providers are in New York State. Any testimony the police officer would be able to provide would be limited at best, as he does not appear to have been present at the scene when the accident occurred. However, the treating providers will be able to testify as to several months of treating the plaintiffs, and as that testimony may take several days for all of them, and the revenue that they would lose from being taken from their practices, would seem to definitely tip the balance of keeping the case in New York.

3. Relative means of the parties

As stated above, defense counsel does not appear to be able to locate their client. Thus, the relative means of his client would again appear to be moot, as she will most likely not appear for trial. However, the plaintiffs are of limited financial means, and two are infants. Thus, the balance clearly tips in keeping the case in New York.

4. <u>The locus of operative facts and relative ease of access to source of proof</u>

Once again, while the loss occurred in Delaware, liability is straightforward. There does not seem to be a real reason for an on site inspection for a rear end collision. Besides, the medical providers are the real source of proof here, as they will be able to provide the testimony for the injuries. They are all in New York. The case should remain here.

5. <u>The attendance of witnesses</u>

Once again, we are looking at a defendant who cannot be found and one police officer against four plaintiffs and a number of treating providers. The latter are all in New York. Their attendance in New York would be assured.

6. <u>The weight accorded the plaintiff's choice of forum</u>

As we discussed above, the choice of forum for New York is proper. Transfer is not warranted.

7. <u>Calendar congestion</u>

We are as neutral as defense counsel is on this factor.

8. <u>The desirability of having the case tried by the forum familiar with the substantive law to be applied.</u>

As stated above, we believe New York law should apply. The United States District Court for the Eastern District of New York would appear to be better suited to

9. Practical difficulties

The practical considerations do indeed include the need for all witnesses to appear in New York. Four plaintiffs and all of their medical providers are in New York. One missing defendant and one police officer who does not appear to have been present when the accident occurred is not. Again, New York would seem to be the place to keep the case.

10. The Court should also consider how best to serve the interest of justice based on an assessment of the totality of material circumstances

The interest of justice would favor keeping the case in New York State for the reasons discussed above.

22. Jurisdiction in this matter is proper. This Honorable Court clearly has in personam jurisdiction. New York venue is proper, as are New York choice of laws. All relevant factors clearly favor keeping this case in New York State and in not transferring it to Delaware. The case should not be dismissed and the case should not be transferred.

WHEREFORE, for all the foregoing reasons, plaintiffs ATIYA HARRIS; RAFAEL SEVERINO; RAFAEL SEVERINO, JR., an infant under the age of eighteen (18) years of age by his father and natural guardian, RAFAEL SEVERINO; and RACHELLE SEVERINO, an infant under the age of eighteen (18) years of age by his father and natural guardian, RAFAEL SEVERINO, respectfully request that this Court deny the motion of the defendant WARE in all respects

Dated: Westbury, New York
February 17, 2005

*William S. K*

William S. Kanas, Esq.(

TO: McDONALD, CARROLL, COHEN & RAHILL
   Attorneys for Defendant
   One Whitehall Street
   Thirteenth Floor
   New York, New York 10004-3605