UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
ATIYA HARRIS; RAFAEL SEVERINO; RAFAEL
SEVERINO, JR., an infant under the age of eighteen
(18) years of age by his father and natural guardian,
RAFAEL SEVERINO; and RACHELLE SEVERINO,
An infant under the age of eighteen (18) years of age
By his father and natural guardian, RAFAEL
SEVERINO,                                                          INDEX NO.
                          Plaintiffs,                             04 CV 1120

              -against-                                           GLEESON, J.

STACEY D. WARE,                                                   POHORELSKY, M


                          Defendant.
--------------------------------------------------------------------X

### REPLY AFFIDAVIT OF ROBERT F. McCARTHY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR TRANSFER, OR IN THE ALTERNATIVE, FOR THE APPLICATION OF DELAWARE LAW

STATE OF NEW YORK     )

                          ss:

COUNTY OF NEW YORK )

        ROBERT F. McCARTHY, ESQ., being duly sworn, deposes and says:

1.      I am an attorney with The Law Offices of McDonald, Cohen and Rayhill,

attorneys for the defendant, STACEY D. WARE ("WARE") in the above-captioned

matter and as such, I am familiar with the facts and circumstances of this matter based

upon a review of the file maintained by my office.


2.      I submit this Reply Affidavit and accompanying Reply Memorandum of Law in

support of WARE's Motion, to dismiss the action under Federal Rule of Civil

Procedure 12(b)(2) and 12(b)(3) for lack of jurisdiction over the person or for improper

venue, respectively, or in the alternative, for the application of Delaware law and

1

subsequent dismissal of the action since it was commenced beyond the expiration of the applicable statute of limitations, or in the alternative, for transfer of the action to the United States District Court for the District of Delaware pursuant to 28 U.S.C. §1404(a).

3.      Despite plaintiffs' counsel's opposition to the dismissal or transfer of the action, or for the application of Delaware law, no evidence has been advanced that warrants denial of the instant motion.  Rather, plaintiff's opposition offers scant legal sustenance and also is unaccompanied by testimony from plaintiffs to support the attestations of counsel.   Notably, plaintiffs also have failed to sufficiently refute any aspect of defendant's motion related to the expiration of the applicable statute of limitations.

4.      Plaintiffs concede that the accident forming the basis of the lawsuit occurred outside New York.  Plaintiffs' contentions, however, that the actions in Delaware bore foreseeable consequences in New York, are specious and unsupported by law.  The criteria for application of the New York "long arm" provisions are not met and the matter should, accordingly, be dismissed.

5.      Plaintiffs' argument that the provisions of the Fourteenth and Fifth Amendments to the Constitution of the United States are sufficient basis for in personam jurisdiction is puzzling at best, unsupported and in contravention of the prevailing state of the law.

6.      The complaint should also be dismissed under the theory that venue is inappropriate under FRCP 12(b)(3), as plaintiffs have failed to meet their burden of showing that venue is proper.

7.    Delaware law should apply to these proceedings and plaintiffs have failed to refute that the applicable statute of limitations has expired and the matter should be dismissed.

WHEREFORE, defendant WARE respectfully requests that this Court dismiss the action for lack of jurisdiction over the person of the defendant or for improper venue, or in the alternative, for the application of Delaware law and subsequent dismissal of the action since it was commenced beyond the expiration of the applicable statute of limitations, or in the alternative, transfer of the action from the United States District Court for the Eastern District of New York to the United States District Court for the District of Delaware.

_____
Robert F. McCarthy, Esq. (RM-9676)

Sworn to before me this

24th day of February, 2005

_____

NOTARY PUBLIC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
ATIYA HARRIS; RAFAEL SEVERINO; RAFAEL
SEVERINO, JR., an infant under the age of eighteen
(18) years of age by his father and natural guardian,
RAFAEL SEVERINO; and RACHELLE SEVERINO,
An infant under the age of eighteen (18) years of age
By his father and natural guardian, RAFAEL
SEVERINO,                                                    INDEX NO.
                              Plaintiffs,                    04 CV 1120

                    -against-                                GLEESON, J.

STACEY D. WARE,                                              POHORELSKY, M


                                Defendant.
--------------------------------------------------------------------X
C O U N S E L O R (S):


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION**
**TO DISMISS OR TRANSFER , OR FOR THE**
**APPLICATION OF DELAWARE LAW**


                                        THE LAW OFFICES OF
                                        McDONALD, COHEN and
                                        RAYHILL
                                        Attorneys for Defendant
                                        STACEY D. WARE
                                        1 Whitehall Street
                                        New York, New York  10004
                                        (212) 248-9100


Of Counsel:
Robert F. McCarthy (RM-9676)

## <u>ARGUMENT</u>

## <u>IN PERSONAM JURISDICTION DOES NOT LIE</u>

Plaintiffs' counsel alleges service of process was perfected based upon the understanding of plaintiffs' process server, based solely upon hearsay, as to the alleged description of a female served with a Summons and Complaint in the state of Delaware. Assuming, <u>arguendo</u>, personal service upon defendant, service is not tantamount to viable <u>in personam</u> jurisdiction of this Court.  Plaintiff bears the ultimate burden of proving the Court's jurisdiction. <u>Swindell v. Florida East Coast Railway Company</u>, 201 F.3d 432 (2d. Cir. 1999).  Plaintiffs failure to do so in the instant matter warrants dismissal. <u>Intermor v. Walt Disney Co.</u>, 250 F. Supp. 2d 116, 118 (E.D.N.Y. 2003).

CPLR § 302(a)(3) is the applicable "long arm" statute for the purposes of these proceedings, as a tortious act allegedly occurred outside New York that injured a plaintiff within New York. <u>Swindell v. Florida East Coast Railway Company</u> 201 F.3d 432 (2d Cir. 1999).  Nevertheless, CPLR § 302(a)(3) would only apply if the defendant regularly does or solicits business, engages in any other persistent course of conduct, derives substantial revenue from goods used or consumed or services rendered in New York, or expects or should reasonably expect the act to have consequences in the State <u>and</u> derives substantial revenue from interstate or international commerce.  In the case at bar, there is no proof that defendant regularly conducted or solicited business in New York, or engaged in any other persistent course of conduct or derived substantial revenue from goods used, or consumed or services rendered in New York.  This Court, therefore, cannot exercise personal jurisdiction over defendant.

## VENUE IN NEW YORK IS IMPROPER AND PLAINTIFF
## HAS FAILED TO DEMONSTRATE OTHERWISE

When venue is challenged it is the plaintiff's burden to show that it is proper in the forum district. Saferstein v. Mardinly, Durham, James, Flandreau & Rodger, P.C., 927 F. Supp. 731, 735 (S.D.N.Y. 1996). Under the circumstances, the Complaint should be dismissed for inappropriate venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure, as plaintiffs have failed to set forth any admissible evidence that venue in New York is appropriate. Plaintiffs' counsel's bald assertions that plaintiffs sought medical attention in New York is not based on first-hand knowledge, unsubstantiated by plaintiffs or any treating medical providers testimony, and should not be considered.

## THE SUBSTANTIVE LAW OF DELAWARE APPLIES AND THE
## RELEVANT STATUTE OF LIMITATIONS HAS RUN

To reiterate, under New York choice of law rules, the state with the most significant relationship to an alleged tort supplies the governing substantive law. Reeves v. American Broadcasting Cos., 719 F.2d 602, 605 (2d Cir. 1983). When the domiciles of the parties differ, the location of the injury generally determines the governing substantive law. Gray v. Busch Entertainment Corp., 886 F.2d 14, 15 (2d Cir. 1989); Bader v. Purdom, 841 F.2d 38, 40 (2d Cir. 1988).

Delaware is the locus of operative facts and the operative facts with respect to these proceedings have little or no connection with the state of New York. Despite plaintiffs' efforts, they cannot overcome the maxim that when the domiciles of the parties are different, the place where the injury occurred takes on added significance; the locus of the accident generally determines the governing substantive law. Gray v. Busch Entertainment Corp., 886 F.2d 14, 15 (2d Cir. 1989); Bader v. Purdom, 841 F.2d

38, 40 (2d Cir. 1988).

Furthermore, the relevant statute of limitations has expired and plaintiffs concede the point in their lack of opposition on the issue. The applicable Delaware statute respecting limitations of actions could not be clearer:

> No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained . . . .

10 Del. C. § 8119 (2004) (emphasis added).

Plaintiffs commenced the proceedings beyond the permissible limits and the matter should, therefore, be dismissed.

## THE ACTION SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

With respect to transfer of the action to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 1404(a), Defendant respectfully incorporates herein its memorandum of law submitted with the underlying motion, as if fully set forth at length, in reply.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that its Motion to Dismiss the Complaint be granted in its entirety, or in the alternative, that Delaware substantive law apply to the instant proceedings and that the matter be dismissed as time-barred, or in the alternative, the action should be transferred to the United States District Court for the District of Delaware, and for such other and further relief as this Court deems just and proper.

Date:   New York, New York
        February 24, 2005

                                        Respectfully submitted,


                                        THE LAW OFFICES OF
                                        McDONALD, COHEN and
                                        RAYHILL


                                        By: _____
                                            Robert F. McCarthy (RM-9676)

                                            Attorneys for Defendant
                                            STACEY D. WARE
                                            1 Whitehall Street
                                            New York, New York  10004
                                            (212) 248-9100


To:     Sanford L. Pirotin, PC
        323 Madison Street
        Westbury, NY 11590

## AFFIDAVIT OF SERVICE BY MAIL BY OVERNIGHT MAIL

STATE OF NEW YORK )
CITY OF NEW YORK  )
COUNTY OF NEW YORK)

     PHYLLIS T. GIORDANO being duly sworn deposes and says, that she is employed by McDONALD, CARROLL,COHEN & RAYHILL, the attorneys for the within named defendant – **STACEY D. WARE** .  That on February 24, 2005 she served the within REPLY AFFIDAVIT AND REPLY MEMORANDUM OF LAW upon the following:

       SANFORD L. PIROTIN, P.C.,
       WILLIAM S. KANAS, ESQ.
       Attorneys for Plaintiff
       323 Madison Street
       Westbury, NY 11590
       (516) 333-2553

by depositing a true copy of the same securely enclosed in a post-paid wrapper in the Post Office Box regularly maintained by the United States Government at One Whitehall Street, in said County of New York directed to said attorneys for the named above, that being the address within the state designated by them for the purpose upon the preceding papers in this action, or the place where they then kept an office, between which places there then was and now is a regular communication by mail.

    Deponent is over the age of 18 years and is not a party to the action.

                         _____
                         PHYLLIS T. GIORDANO

Sworn to before me on
February 24, 2005

_____
       Notary Public