| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | <u>FOR ONLINE PUBLICATION ONLY</u> |

-----------------------------------------------------------------x
ATIYA HARRIS; RAFAEL SEVERINO;
RAFAEL SEVERINO, JR., an infant under 18 years     <u>MEMORANDUM AND ORDER</u>
of age, by his father and natural guardian, RAFAEL            04 CV 1120 (JG)
SEVERINO; and RACHELLE SEVERINO, an
infant under 18 years of age, by her father and natural
guardian, RAFAEL SEVERINO,

                            Plaintiffs,

      - against -

STACEY D. WARE,

                            Defendant.
-----------------------------------------------------------------x

A P P E A R A N C E S:

       WILLIAM S. KANAS
              Sanford L. Pirotin, P.C.
              323 Madison Street
              Westbury, New York 11590
              Attorneys for Plaintiffs

       ROBERT F. McCARTHY
              The Law Offices of McDonald, Cohen and Rayhill
              One Whitehall Street, 13th Floor
              New York, New York 10004
              Attorneys for Defendants

JOHN GLEESON, United States District Judge:

       This diversity action arises from a motor vehicle accident that took place in Delaware. Plaintiffs Atiya Harris and Rafael Severino, on behalf of himself and his two minor children, Rafael Severino, Jr. and Rachelle Severino, allege that defendant Stacey Ware negligently and recklessly operated her vehicle, causing each plaintiff serious personal injuries, as defined by New York State Insurance Law § 5102(d). Rafael Severino also alleges loss of the

company of his two minor children.

Ware moves to dismiss the complaint for lack of personal jurisdiction and improper venue, pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. Alternatively, she moves for either an order transferring the action to the District of Delaware, pursuant to 28 U.S.C. § 1404(a), or an order applying the laws of Delaware to these proceedings and, accordingly, dismissing the complaint as time-barred. I heard oral argument on March 4, 2005. For the following reasons, Ware's motion is granted to the extent that the complaint is transferred to the District of Delaware.

## FACTS[1]

On March 24, 2001, Rafael Severino and his children were passengers in a vehicle owned and operated by Harris. They were driving in the state of Delaware. The plaintiffs were, and presently are, citizens of New York. On the same date, Ware was operating a motor vehicle with the consent of the vehicle's owner. Ware was, and presently is, a citizen of Delaware. An impact occurred between the two vehicles on Christiana Mall Road in Delaware, resulting in plaintiffs sustaining "serious and permanent personal injuries." (Compl. ¶¶ 11, 19, 28, 37.) Plaintiffs allege that the impact and the resulting injuries were caused by Ware's "negligent, reckless and careless" operation of the vehicle she was driving. (*Id.* at ¶ 13.)

Plaintiffs filed the instant action on March 17, 2004.

---

[1] The following facts are drawn from the complaint, the parties' submissions with respect to this motion, and the affidavits thereto. To the extent that the parties' statements differ, the plaintiffs' version is included here.

DISCUSSION

A.      The Standard for a Motion to Dismiss Under Rule 12(b)(2)

When a defendant moves to dismiss a complaint under Rule 12(b)(2) for want of personal jurisdiction, courts must perform a two-part analysis. First, personal jurisdiction over a defendant must be established under the law of the state where the federal court sits. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, the service of a summons establishes personal jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." *Id.* Second, if jurisdiction is established under the governing statute, courts must determine whether the exercise of jurisdiction under the relevant state law would violate the defendant's due process rights. *Bank Brussels Lambert*, 171 F.3d at 784.

"[T]he plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *DiStefano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (citing *Bank Brussels Lambert*, 171 F.3d at 784). Where a court does not conduct a "'full-blown evidentiary hearing, . . . the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials'" to survive a motion to dismiss under Rule 12(b)(2). *Bank Brussels Lambert*, 171 F.3d at 784 (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)). In other words, prior to discovery, a plaintiff may defeat a jurisdiction-testing motion "by pleading in good faith, *see* Fed. R. Civ. Proc. 11, legally sufficient allegations of jurisdiction." *Jazini v. Nissan Motor Company, Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) (quotation marks omitted).

Once discovery regarding a defendant's contacts with the forum is conducted, the plaintiff bears a heavier burden. After discovery, "'the plaintiff's prima facie showing . . . must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant.'" *Bank Brussels Lambert*, 171 F.3d at 784 (quoting *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)).

If the plaintiff fails to make the requisite showing, I may dismiss the complaint pursuant to Rule 12(b)(2). The Second Circuit has held that a district court also has the "power to transfer venue even it if lacks personal jurisdiction over defendants," if the requirements of the governing statute, 28 U.S.C. § 1404(a), are met. *Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 113 (2d Cir. 2001) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962)).

B.   New York's Long-Arm Statute

Both parties agree that my determination of personal jurisdiction in this case is governed by New York's long arm statute, N.Y. Civ. Prac. Law & R. § 302, specifically § 302(a)(3)(ii).[2] The statute states, in relevant part, that a court may exercise jurisdiction over a person whose domicile is not in New York if he "commits a tortious act without the state causing injury to person or property within the state . . . if he (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." § 302(a)(3)(ii).

To establish personal jurisdiction, plaintiffs must show that an injury occurred

---

[2]   The other sections confer jurisdiction upon non-domiciliary defendants if they transact any business within the state or contract to supply goods or services in the state, if plaintiffs' injury arose out of a tortious act that occurred within the state, or if defendants own, use of possess any real property within the state. N.Y. Civ. Prac. Law. & R. §§ 302(1), (2) and (4).

4

within the state and that the elements of clause (ii) of the long-arm statute have been established. *Ingraham v. Carroll*, 90 N.Y. 2d 592, 596 (1997). New York courts apply the situs of injury test to determine whether an injury occurred within the state. *DiStefano*, 286 F.3d at 84-85. "[I]t is well established that the situs of the injury is the location where the event giving rise to the injury occurred, and not where the resultant damages occurred." *O'Brien v. Hackensack Univ. Med. Center*, 760 N.Y.S.2d 425 (1st Dep't 2003); *see McGowan v. Smith*, 52 N.Y.2d 268, 275 (1981); *Carte v. Parkoff*, 543 N.Y.S.2d 718, 719 (2d Dep't 1989). "[T]he residence of the injured party in New York," when the injury occurred elsewhere, "is not sufficient to satisfy the clear statutory requirement of an 'injury within the state.'" *McGowan,* 52 N.Y.2d 274-75 (holding that injury caused by a product purchased in New York did not satisfy statutory requirement because injury occurred while the product was being used in Canada).

C.   <u>Personal Jurisdiction</u>

Ware argues that plaintiffs offer no evidence or allegations that (1) she is a resident of New York; (2) transacts or conducts any business in the state; (3) derives substantial revenue from activity in the state; or (4) derives revenue from interstate or international commerce. In response, plaintiffs argue that Ware could have foreseen that her actions would have consequences in New York because Harris's car had New York license plates, and because plaintiffs reside in New York and would seek medical treatment there. They also argue that "no proof exists that . . . Ware did not derive substantial revenue from interstate or international commerce," or that Ware does not own, use or possess real property in New York. (Kanas Aff't ¶ 11.)

Plaintiffs have failed to establish jurisdiction. As stated above, they bear the initial burden of alleging through affidavits or other supporting materials, facts that establish personal jurisdiction over the defendant. Here, plaintiffs make no allegations that Ware has the requisite contacts with New York. The fact that Harris's car had New York license plates is insufficient.

Even if there were sufficient allegations to meet the contacts requirement of § 302(a)(3)(ii), the situs of injury requirement is not met. The accident occurred in Delaware. Although plaintiffs claim that they continue to suffer injuries from it here in New York, those allegations are legally insufficient to confer personal jurisdiction under New York's long-arm statute. The situs of injury test requires courts to "locate the original event which caused the injury." *DiStefano*, 286 F.3d at 84 (quotation marks omitted). That event is "distinguished not only from the initial tort but from the final economic injury and the felt consequences of the tort." *Id*. The original event in this case occurred in Delaware.

Accordingly, plaintiffs do not meet their burden of showing that the court has personal jurisdiction over Ware under New York's long-arm statute.

D.  Venue

Under the statutory provision governing venue,

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Plaintiffs argue that venue is proper under 28 U.S.C. § 1391(a)(2). Ware argues that since the accident occurred in Delaware, venue is improper in New York. She moves to dismiss the complaint on this basis, or alternatively, petitions the court to transfer the case to the District of Delaware, pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Ware resides in Delaware and is subject to personal jurisdiction in that state. She is not subject to personal jurisdiction in New York. Moreover, the events giving rise to plaintiffs' claims occurred entirely in Delaware. The fact that plaintiffs received medical care in New York does not tip the balance in favor of a finding that venue is proper in this state. For the convenience of the parties and witnesses, as well as in the interest of justice, the Clerk is respectfully directed to transfer the case to the United States District Court for the District of Delaware. *See* 28 U.S.C. §§ 1391(a), 1404(a). The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a five-day delay, is waived.

So Ordered.

JOHN GLEESON, U.S.D.J.

Dated: March 4, 2005
Brooklyn, New York