IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ATIYA HARRIS and<br>RAFAEL SEVERINO, individually and<br>  as father and natural guardian of minors<br>  Rafael Severino, Jr. and<br>  Rachelle Severino,<br><br>            Plaintiffs,<br><br>STACEY D. WARE,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 05-138 (SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANT'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS

Defendant Stacey D. Ware offers the following in support of her motion to dismiss:

Background

1.   This motor vehicle accident case was originally filed in, and recently transferred from, the United States District Court for the Eastern District of New York.  Plaintiffs allege that, on March 24, 2001, plaintiffs and their minor children suffered injuries in a motor vehicle accident that occurred in Delaware due to negligence on the part of defendant, a resident of Delaware.  Plaintiffs' Complaint at ¶¶4, 10.

Statute of Limitations

2.   The complaint was filed in the Eastern District of New York on March 17, 2004.  The applicable statute of limitations, 10 *Del.C.* §8119, provides a two-year period for the filing of a legal action alleging personal injuries.  *Ponzo v. A.I. duPont Hosp.*, 748 A.2d 914 (2000).

3.      This action was filed more than two years after the accident, so plaintiffs' claims are time-barred by operation of Section 8119.  Therefore, defendant is entitled to dismissal of all claims against her.

## Insufficiency of Service of Process

4.      Aside from the statute of limitations defense addressed above, there has been no confirmation that defendant was ever served with process.  In response to defendant's assertion of this defense in the Eastern District of New York, plaintiff's counsel submitted an "Affidavit of Process Server" that states that the person served was "Unidentified White Female (believed to be Stacey D. Ware, although she refused her name.)"

5.      The above affidavit confirms only that someone was handed suit papers, not that the person served was defendant or even that defendant resided at the listed address.  Therefore, pursuant to F.R.C.P. 12(b)(5), service of process is insufficient.

## Conclusion

6.      For the above reasons, defendant respectfully moves the Court for dismissal of all claims against her.

                                    BOUCHELLE & PALMER

                                <u>   /s/   Steven F. Mones</u>
                                Steven F. Mones (Del.Bar #2611)
                                Christiana Executive Campus
                                131 Continental Drive, Suite 407
                                Newark, DE  19713
                                T:  302-292-6660
                                Attorneys for Defendant

April 28, 2005

<u>              </u>Certificate of Service

      I certify that, on this date, one copy each of defendant's Motion to Dismiss and Memorandum in Support of Motion to dismiss were served, by first class mail, on the following individual:

William S. Kanas, Esquire
Sanford L. Pirotin, P.C.
323 Madison Street
Westbury, NY  11590

    /s/  Steven F. Mones
Steven F. Mones

April 28, 2005